UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Derek Mortland**, | ) |
| Plaintiff, | ) Case No. 2:24-cv-1021 |
| v. | ) Judge |
| **Lindvest Limited Partnership**, an Ohio limited partnership, | ) |
| And | ) |
| **United Dairy Farmers, Inc.**, an Ohio for profit company | ) |
| Defendant. | |

NOW COMES Derek Mortland, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., Counsel for Plaintiff, who hereby files this Complaint against Lindvest Limited Partnership, an Ohio limited partnership and United Dairy Farmers, Inc., an Ohio for profit Company for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Derek Mortland, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188 *et seq.*, against the Defendants as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Derek Mortland ("Plaintiff" or "Mr. Mortland"), is a Franklin County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendants Lindvest Limited Partnership and United Dairy Farmers, Inc. own the property and business located at 7076 Muirfield Dr., Dublin, OH 43017 in Franklin County, Ohio, which is a convenience store known as "United Dairy Farmers." Plaintiff has patronized Defendants' property and the facilities thereon as an customer previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

6. Upon information and belief, the restaurant owned or operated by the Defendants is non-compliant with the remedial provisions of the ADA. As Defendants either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are

2

responsible for complying with the obligations of the ADA. Defendants' convenience store is a place of public accommodation. Defendants' property fails to comply with the ADA and its regulations, as also described further herein.

7. Mr. Mortland is paralyzed as a result of a spinal cord injury and permanently uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Plaintiff has been a bona fide customer of the retail property that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Mr. Mortland is a Franklin County, Ohio resident and frequents the local shopping, entertainment, and service locations in the county near his home.

9. Mr. Mortland has been a customer at this United Dairy Farmers location on multiple occasions but most recently on October 29, 2021 and January 12, 2024. On those dates, as well as on others, Plaintiff Mortland patronized the Defendants' convenience store, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendants' place of public accommodation.

10. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of

business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the restaurant without fear of discrimination.

11. The Defendants have discriminated against Plaintiff Mortland by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

12. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

13. A preliminary inspection of the convenience store owned or operated by Defendants has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

Accessible Routes and Parking

A. The exterior ramp has excess slope and cross slope and a change in level at the terminus, in violation of the ADA whose remedy is readily achievable.

B. There is not a compliant accessible route from the designated accessible parking to the convenience store entrance due to the presence of a non-compliant ramp, in violation of the ADA whose remedy is readily achievable.

C. There is no accessible route throughout the convenience store due to aisles that are too narrow and obstructing items located in those narrow aisles, in violation of the ADA whose remedy if readily achievable.

D. Designated accessible parking entirely lacks required access aisles, in violation of the ADA whose remedy if readily achievable.

4

E. Designated accessible parking is located on a surface with excess slope, in violation of the ADA whose remedy is readily achievable.

F. There are cracks and changes in level along the accessible route from the designated accessible parking to the entrance, in violation of the ADA whose remedy is readily achievable.

G. There are mats throughout the convenience store that are not fixed, in violation of the ADA whose remedy is readily achievable.

H. There is not an accessible route of travel from the convenience store to the public way (public streets, sidewalks and public transportation stops) making it difficult for the Plaintiff to traverse, in violation of Section 206.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

Access to Goods and Services:

I. There is not at least 5% of accessible dining surfaces in the convenience store, in violation of the ADA whose remedy if readily achievable.

J. There are amenities throughout the convenience store located above allowable reach range, including condiments, serving containers, and coat hooks, in violation of the ADA whose remedy is readily achievable.

Restrooms:

K. The men's and women's restrooms have non-compliant signage that lacks the international symbol of accessibility, in violation of the ADA whose remedy is readily achievable.

L. Men's and women's restroom doors contain hardware that requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

M. The single user men's restroom does not have 60 inches clear floor space around the water closet, in violation of the ADA whose remedy is readily achievable.

N. The men's restroom door swings into the required clear floor space around the water closet, in violation of the ADA whose remedy is readily achievable.

O. The men's restroom entirely lacks rear and side grab bars, in violation of the ADA whose remedy is readily achievable.

    P. The men's restroom flush control is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

    Q. The men's restroom toilet paper dispenser is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

    R. The men's restroom water closet seat height is below the required range, in violation of the ADA whose remedy is readily achievable.

    S. The men's restroom lavatory lacks required knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

    T. The men's restroom mirror is located over 40 inches from the reflective surface to the finish floor, in violation of the ADA whose remedy is readily achievable.

    U. The men's restroom lavatory contains hardware that requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

    V. Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures:

    W. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

    X. The Defendants' inadequate procedures for the benefit of its patrons with disabilities extend to their failure to conduct a self-survey of its facilities and amenities and that has resulted in discriminatory conduct toward Derek Mortland.

14. The discriminatory violations described in Paragraph 13 by the Defendants are not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all

others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

<u>**COUNT I**</u>
<u>**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**</u>

15. Plaintiff restates the allegations of ¶¶1-14 as if fully rewritten here.

16. The convenience store at issue, as owned or operated by Defendants, is a place of public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

17. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the convenience store accessible to and usable by persons with disabilities, including Plaintiff.

18. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the

physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

19. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 et seq.

20. Plaintiff restates the allegations of ¶¶1-19 as if fully rewritten here.

21. The Defendants operate or owns a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

22. Defendants have committed unlawful acts pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. The Defendants' acts are willful, severe and ongoing. Defendants has failed to undertake any barrier removal at the property and thus it remains a dangerous route from the parking to the entrance and restrooms that are entirely unusable to customers who use wheelchairs for their mobility.

23. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to insure justice in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net